MICHAEL V. MURPHY AND JOANNA E. MURPHY, HIS WIFE, EXECUTORS OF KATE H. MURRAY, DECEASED, PLAINTIFFS IN ERROR, v. NANE SCHMIDT, EXECUTRIX OF GEORGE SCHMIDT, DECEASED, DEFENDANT IN ERROR.

Submitted July 13, 1910—Decided March 6, 1911.

1. In an action where both plaintiff and defendant are parties in a representative capacity, neither is, under our Evidence act (*Pamph. L.* 1900, *p.* 362), a competent witness to testify to any transaction with, or statement by, any testator or intestate represented in the action, unless qualified in the manner provided in the act.
2. If a person having a claim against a deceased debtor assigns it to himself and wife as executors, and they bring suit thereon as executors against the representatives of the deceased debtor, the assignor is not a competent witness to testify to any transactions with, or statements by, the deceased debtor.

---

On error to the Hudson Circuit Court.

For the plaintiff in error, *John M. Enright* (*George R. Beach* on the brief).

For the defendant in error, *Clarence Kelsey.*

The. opinion of .the court was delivered by.

BERGEN, J. This action was brought by Michael V. Murphy and Joanna E. Murphy, executors of Kate H. Murray, against Nane Schmidt, as executrix of George Schmidt, to recover a debt claimed to be due from George Schmidt in his lifetime to Michael Murphy, who, after the death of Schmidt, assigned it to himself and wife as executors of Kate H. Murray. The plaintiffs recovered judgment, and one of the errors assigned, upon which a reversal of the judgment is urged, is that Murphy, one of the plaintiffs, was allowed to testify to his transactions with, and statements by, the deceased testator, whose estate was represented in the action by his executrix.

The act concerning evidence (*Pamph. L.* 1900, *p.* 362) prohibits the giving of testimony "by any party to the action, as to any transaction with, or statement by, any testator or intestate represented in said action, unless the representative offers himself as a witness on his own behalf and testifies to any transaction with, or statement by, his testator or intestate." It is not claimed that the representative of Schmidt testified to any such transaction or statement; on the contrary such representative was not sworn as a witness, so if Murphy had been a party in his own right, and not as the representative of his testatrix he would not have been qualified to testify as to transactions with, or statements by, Schmidt. That the statute applies with equal force when both parties appear on the record in a representative capacity was determined by this court in *Lodge* v. *Hulings,* 19 *Dick. Ch. Rep.* 761, and therefore to allow Murphy, as the representative of one testator, to testify concerning transactions with, or statements by, the other testator, was an error requiring the reversal of this judgment.

The cause being thus disposed of it is not necessary to consider or determine whether the transfer by Murphy of his claim against Schmidt, to himself and wife as executors, passed a title thereto sufficient to support an action at law by them thereon, and therefore no opinion is expressed on this question.

The judgment will be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, JJ. 13.